UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWIN IRIZARRY, )
)
Plaintiff, )
)
v. ) C.A. NO.: 1:14-cv-12861-GAO
)
KAEID AL-SHIMARY, SAUL )
ASCENCIO and P S MARSTON )
ASSOCIATES, LLC d/b/a )
ABENAQUI CARRIERS, )
)
Defendants. )

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Edwin Irizarry ("Irizarry"), is an individual residing in New Britain, Hartford County, Connecticut.

2. Defendant Kaeid Al-Shimary ("Al-Shimary"), is an individual residing at 92 Light Street, Lynn, Essex County, Massachusetts.

3. Defendant Saul Ascencio ("Ascencio"), is an individual residing at 33 Winthrop Street, Everett, Middlesex County, Massachusetts.

4. The Defendant, P S Marston Associates, LLC d/b/a Abenaqui Carriers, ("Abenaqui Carriers"), is corporation, with principal place of business located at 38B South Road, North Hampton, Rockingham County, New Hampshire.

## JURISDICTION

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1346.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. The Plaintiff realleges, repleads and incorporates by reference paragraphs 1–5 above as if fully set forth herein.

7. On or about January 8, 2013, the Plaintiff, Irizarry, was the operator of a 2011 Intercontinental Pro Star motor vehicle bearing a State of Connecticut registration number 49733A on Washington Street, at the intersection of Washington Street and Chestnut Hill Avenue in Brighton, Suffolk County, Massachusetts.

8. On or about January 8, 2013, the Defendant, Al-Shimary, was the operator of the FRH5 motor vehicle which was owned by and registered to the Defendant, Ascencio, traveling on Chestnut Hill Avenue, at the intersection of Washington Street and Chestnut Hill Avenue in Brighton, Suffolk County, Massachusetts.

9. On or about January 8, 2013, the Defendant, Ascencio, was the owner of a FRH5 bearing a Commonwealth of Massachusetts registration number of 83417, operated by the Defendant, Al-Shimary.

10. On or about January 8, 2013, Defendant, Al-Shimary, was operating Ascencio's motor vehicle with the knowledge of the Defendant, Ascencio.

11. On or about January 8, 2013, Al-Shimary, was operating Ascencio's motor vehicle with the permission of the Defendant, Ascencio.

12. On or about January 8, 2013, Al-Shimary, was operating Ascencio's motor vehicle in the course of his employment with the Defendant, Ascencio.

13. On or about January 8, 2013, the Defendant, Ascencio, was under contract with the Defendant, Abenaqui Carriers.

14. On or about January 8, 2013, Plaintiff Irizarry was operating his 2011 Intercontinental Pro Star motor vehicle bearing a State of Connecticut registration number 49733A on Washington Street, at the intersection of Washington Street and Chestnut Hill Avenue in Brighton, Suffolk County, Massachusetts, when the Defendant, Al-Shimary, operating the Defendant Ascencio's motor vehicle, ran a red light and slammed into the right passenger side of the Plaintiff, Irizarry's motor vehicle.

15. Due to the impact from Al-Shimary's motor vehicle, the Plaintiff, Irizarry, sustained serious injuries.

16. As a result of his injuries, Plaintiff, Irizarry, has had to undergo substantial medical treatment including surgery and an extended period of physical therapy, causing him to incur medical expenses in excess of Two Thousand Dollars ($2,000.00).

17. Irizzary has been totally and partially disabled since this accident.

## COUNT I: NEGLIGENCE
(Irizarry v. Al Kaeida)

18. The Plaintiff realleges, repleads and incorporates by reference paragraphs 1 – 17 above as if fully set forth herein.

19. The Defendant, Al-Shimary, owed a duty of reasonable care in the operation of Ascencio's motor vehicle to all persons on or about January 8, 2013, including but not limited to Irizarry.

20. On or about January 8, 2013, the Defendant, Al-Shimary, was negligent and breached his duty of care to Irizarry by failing to operate Ascencio's motor vehicle in a reasonable manner, failing to abide by traffic control signals, and by striking the vehicle the Plaintiff, Irizarry, was operating.

21. As a direct and proximate result of the Defendant Al-Shimary's negligence, Irizarry has suffered and will continue to serious personal injuries, incurred substantial medical bills and expenses, was prevented from performing his usual duties, and was prevented from performing her usual living activities.

WHEREFORE, the Plaintiff, Edwin Irizarry, prays that the Honorable Court enter judgment against the Defendant, Kaeid Al-Shimary, on Count I, in the full amount of any and all damages recoverable at law, cost, attorney's fees, and for such other and further relief which this Court deems just and proper.

### COUNT II: AGENCY
(Irizarry v. Ascencio)

22. The Plaintiff realleges, repleads and incorporates by reference paragraphs 1 – 21 above as if fully set forth herein.

23. On or about January 8, 2013, the Defendant, Ascencio, was the registered owner of the vehicle operated by the Defendant, Al-Shimary, which was involved in a collision with the Plaintiff, Irizarry.

24. At the time of the collision between the vehicle the Plaintiff, Irizarry, and the Defendant, Al-Shimary, the Defendant, Al-Shimary, was operating the Defendant, Ascencio's vehicle under the control of the Defendant, Ascencio.

25. At the time of the collision between the vehicle the Plaintiff, Irizarry, and the Defendant, Al Kaeida, the Defendant, Al Kaeida, was operating the Defendant, Ascencio's vehicle with the permission of the Defendant, Ascencio.

26. At the time of the collision between the vehicle the Plaintiff, Irizarry, and the Defendant, Al-Shimary, the Defendant, Al-Shimary, was operating the Defendant, Ascencio's vehicle in the course of his employment with the Defendant, Ascencio.

27. As a result of the negligence of the Defendant, Al-Shimary, who was operating the Defendant Ascencio's vehicle under Ascencio's control and, as their agent, the Plaintiff, Irizarry, suffered and will continue to suffer serious personal injuries, incurred substantial medical bills and expenses, was prevented from

performing his usual duties, and was prevented from performing his usual living activities.

28. As registered owner of the vehicle, the Defendant, Ascencio, is legally responsible for the negligent conduct of the vehicle's operator, Al-Shimary. M.G.L. c. 231 §85A-B.

WHEREFORE, the Plaintiff, Edwin Irizarry, prays that this Honorable Court enter judgment against the Defendant, Saul Ascencio, on Count II, in the full amount of any and all damages recoverable at law, cost, attorney's fees, and for such other and further relief which this Court deems just and proper.

## COUNT III: VICARIOUS LIABILITY (RESPONDEAT SUPERIOR)
(Irizarry v. Abenaqui Carriers)

29. The Plaintiff realleges, repleads and incorporates by reference paragraphs 1 – 28 above as if fully set forth herein.

30. At all times material hereto, the Defendant, Abenaqui Carriers, was responsible for the foreseeable consequences of the negligence and negligent acts of its agents, servants, and/or employees, including, without limitation, Defendant Al-Shimary.

31. At the time of the collision between the vehicle the Plaintiff, Irizarry, and the motor vehicle operated by the Defendant, Al-Shimary, the Defendant, Al-Shimary, was operating the Defendant, Ascencio's vehicle as the agent of the Defendant, Abenaqui Carriers.

32. At all times material hereto, the Defendant, Abenaqui Carriers, was and is vicariously liable for all of the Plaintiff's foreseeable negligence-related injuries and damages.

33. The Plaintiff, Irizarry, is entitled to compensation from the Defendant, Abenaqui Carriers, for all of his foreseeable injuries and damages for which the Defendant, Abenaqui Carriers, is vicariously liable.

WHEREFORE, the Plaintiff, Edwin Irizarry, prays that this Honorable Court enter judgment against the Defendant, Abenaqui Carriers, on Count III, in the full amount of any and all damages recoverable at law, cost, attorney's fees, and for such other and further relief which this Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

                                            Respectfully submitted,
                                            Plaintiff, EDWIN IRIZARRY,
                                            By his Attorney,

                                            /s/ Michelle L. Newton
                                            _____
                                            Michelle L. Newton, Esq., BBO#: 676277
                                            JASON STONE INJURY LAWYERS
                                            55 Franklin Street, 3rd Floor
                                            Boston, MA 02110
                                            (617) 523-4357
                                            MLN@StoneInjury.com

Dated: July 25, 2014